# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5085**

**September Term, 2024**

**1:23-cv-02314-UNA**

**Filed On:** October 21, 2024

Darryl Chadwich Carter,

      Appellant

    v.

James Comer, Chair, House Committee on
Oversight and Accountability/Reform,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Wilkins, Rao, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order entered March 17, 2024 be affirmed. Appellant seeks a declaration that the chairman of the House Committee on Oversight and Accountability has a duty to investigate appellant's "tips" submitted to the chairman, along with an order compelling the chairman to undertake such an investigation. But it is "a basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another." Loving v. United States, 517 U.S. 748, 757 (1996). Moreover, the Speech or Debate Clause "forbid[s] invocation of judicial power to challenge the wisdom of Congress'[s] use of its investigative authority." Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 511 (1975); see Barker v. Conroy, 921 F.3d 1118, 1127 (D.C. Cir. 2019) (describing the "authorizing [of] an investigation" as an "act[] protected by the Speech or Debate Clause" (cleaned up)). Appellant cites no authority, and we are aware of none, suggesting that a Member of Congress's decision not to open an investigation is any less protected by the Speech or Debate clause than his decision to open one. Because "[t]he Speech or Debate Clause operates as a jurisdictional bar when the actions upon which a plaintiff s[eeks] to predicate liability [are] legislative acts," we affirm the district

court's order dismissing the case for lack of jurisdiction.  Fields v. Office of Eddie Bernice Johnson, 459 F.3d 1, 13 (D.C. Cir. 2006) (en banc) (cleaned up).  Moreover, appellant has not shown that the district court improperly processed the case or held his complaint to a higher standard based on his status as a pro se litigant who is proceeding in forma pauperis.  See In re: Carter, No. 23-5207, unpublished order (D.C. Cir. Nov. 1, 2023); see also NetworkIP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue sua sponte.  Indeed, we must raise it[.]" (cleaned up) (emphasis in original)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk